IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C. RAYMOND DAVIS & SONS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>WORTHINGTON DAVIS ASSOCIATES, LLC<br>MARK DAVIS,<br>MARK WORTHINGTON, AND<br>DANIEL L. EPPEHIMER<br><br>*Defendants.* | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff C. Raymond Davis & Sons, Inc. for its Complaint against Defendants Worthington Davis Associates LLC, Mark Davis, Mark Worthington and Dan Eppiheimer (collectively referred to herein as "Defendants") hereby alleges as follows:

## THE PARTIES

1.  Plaintiff C. Raymond Davis & Sons, Inc. ("CRD") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and has a principal place of business at 2124 Kimberton Road, P.O. Box 157, Kimberton, Chester County, Pennsylvania, 19442.

2.  Upon information and belief, Defendant Worthington Davis Associates, LLC ("WDA") is a Limited Liability Company duly organized and existing under the laws of the

1

Commonwealth of Pennsylvania and has a principal place of business at 1 Fallsington Avenue, Tullytown, Bucks County, Pennsylvania, 19007.

3. Upon information and belief, Defendant Mark Davis is an adult individual whose last known address is 449 Merlin Road, Phoenixville, Pennsylvania, 19460.

4. Upon information and belief, Defendant Mark Worthington is an adult individual whose last known address is 26 Beidler Drive, Washington Crossing, Pennsylvania, 18977.

5. Upon information and belief, Defendant Daniel L. Eppehimer is an adult individual whose last known address is 550 Ebelhare Road, Pottstown, Pennsylvania, 19465.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, as this action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(2)-(a)(3) and 1400 because a substantial part of the events giving rise to the claims occurred within the District, Defendants are located in and conduct business in the District and Defendants are subject to personal jurisdiction in the District at the time the action was commenced.

## FACTUAL BACKGROUND

8. Plaintiff CRD is engaged in the business of general contracting and construction management in Pennsylvania.

9. Prior to his termination on May 16, 2016, Mark Davis was President of CRD and

his brother Kyle Davis was the CFO and Corporate Treasurer.

10. Plaintiff and Mark Davis are engaged in concurrent litigation in the Court of Common Pleas, Chester County, Pennsylvania, Case No. 2016-09111 and Case No. 2016-10442-IR, over allegations of unauthorized spending by Mark Davis and value of his shares.

11. Mark Davis is now engaged in the competing business WDA also engaged in general contracting and construction management in Pennsylvania.

12. Since its founding in 1928, Plaintiff has built and managed construction of hundreds of commercial, institutional and residential buildings in Pennsylvania.

13. The quality of Plaintiff's building projects is a primary factor in drawing a customer's attention to Plaintiff's services.

14. Plaintiff supports promotion of its quality services by photographing its projects. Plaintiff owns copyrights protecting its photographs.

15. Plaintiff is the author and owner of all copyrights listed in Exhibit A.

16. Plaintiff is the owner of all copyrights in the Exhibit B.

17. Plaintiff registered copyrights with the United States Copyright Office. A copy of the draft certificate of registration for these copyrights is attached at Exhibit C.

18. Plaintiff has applied to the United States Copyright Office for registration of the photographs listed in Exhibit D.

19. The foregoing works described in paragraphs 15-18 above will be referred to collectively as the "Copyrighted Works."

20. Some of the Copyrighted Works are owned by Plaintiff by way of assignment from photographer Don Pearse.

21. Some of the Copyrighted Works are works made for hire photographed by Defendant Dan Eppehimer during the course of his employment with Plaintiff from October 10, 2011 to June 16, 2016.

22. Defendants Dan Eppehimer and Mark Davis had ready access to the Copyrighted Works both during their employment with Plaintiff and thereafter through personal computers they took upon leaving the employ of Plaintiff and through Plaintiff's website.

23. The Copyrighted Works were explicitly marked with copyright notice indicating ownership.

24. Some of the Copyrighted Works contain specific content, such as the Plaintiff's logo displayed on monitors within the photograph identifying them as property of the Plaintiff.

25. On information and belief, without authorization from Plaintiff, Defendants Dan Eppehimer, Mark Davis and Mark Worthington misappropriated, reproduced and distributed copies of at least 116 of the Copyrighted Works and posted them on the new WDA Website https://www.worthingtondavisassociates.com/ to promote Defendants' startup competitive business enterprise WDA.

26. Without authorization from Plaintiff, WDA reproduced and distributed at least 116 of the Copyrighted Works on its website https://www.worthingtondavisassociates.com beginning sometime in the spring of 2017.

27. On information and belief, Defendants misappropriated and made more unauthorized copies of Plaintiffs Copyrighted Works and additional copyrighted photographs than those appearing on the WDA website.

28. Defendants admit reproduction and distribution of the Copyrighted Works by the

addition of text such as, "Project initiated, constructed and completed to the satisfaction of the customer while Mark Davis was President and CEO of CRD," to each of the Copyrighted Works reproduced and distributed on its website.

29. On information and belief, before posting the Copyrighted Works to the WDA website the Defendants knowingly and purposefully removed Plaintiff's explicit indications of ownership of the Copyrighted Works.

30. Side by side comparisons in Exhibit E of the Copyrighted Works to the unauthorized copies posted on the WDA website show not only the striking similarity of the copies but that they are direct copies without any modification except to have stripped away the copyright notice and indication of ownership.

31. At least one photo among those labeled, "McSurdy Medical," even contains specific Plaintiff identifying information in that the Plaintiff's logos appear on two displays in the photograph.

32. Upon learning of Defendants' actions, by way of letter dated May 9, 2017 from attorneys for Plaintiff to attorneys for WDA, Plaintiff demanded return of all Plaintiff's "project photos," the Copyrighted Works and takedown of the WDA website. A copy of Plaintiff's letter dated May 9, 2017 is attached hereto as Exhibit F.

33. No response to the May 9, 2017 letter was received.

34. Notwithstanding the foregoing, Defendants knowingly and willfully continue to possess, reproduce, and distribute the Copyrighted Works.

## COUNT I

### COPYRIGHT INFRINGEMENT

35. Paragraphs 1 through 34 are incorporated herein by reference, as set forth in their entirety.

36. Through its access to Plaintiff's Copyrighted Works, Defendants have improperly and unlawfully infringed and continue to infringe Plaintiff's exclusive rights to its Copyrighted Works by reproducing and distributing them on the website and other channels yet to be discovered.

37. Defendants' said acts constitute copyright infringement in violation of 17 U.S.C. § 501.

**WHEREFORE**, Plaintiff prays that this Court award the following relief:

(a) A permanent injunction enjoining and restraining Defendants, its officers, directors, agents, servants, employees, representatives, successors, heirs, assigns and attorneys and all those persons in active concert or participation or privity with Defendants from distributing, copying, marketing, selling, or making derivatives or other reproductions of Plaintiff's copyrights, in whole or in part.

(b) An order under 17 U.S.C. § 503, directing the United States Marshals Service to (a) impound all copies of the Copyrighted Works in possession of Defendants or its respective agents or contractors in violation of Plaintiff's exclusive rights, and (b) upon final hearing of this case, destroy or otherwise dispose of those copies.

(c) An accounting and judgment against Defendant for:

(i) actual damages sustained by Plaintiff on account of Defendants' copyright infringement; and

(ii) all profits attributable to Defendants' copyright infringement.

(d) Pursuant to 17 U.S.C. § 505, the Plaintiff's costs of this litigation, including reasonable attorneys' fees, interest, and expenses.

(e) The right to elect statutory damages, in lieu of actual damages and profits, in accordance with 17 U.S.C. § 504(c).

(f) Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

## COUNT II

## UNFAIR COMPETITION

38. Paragraphs 1 through 37 are incorporated herein by reference, as set forth in their entirety.

39. Through its knowing and willful misappropriation and unauthorized copying of Plaintiff's Copyrighted Works, Defendants have and are creating a false designation of origin, false description, and false representation that WDA and its services are sponsored by, authorized by, or affiliated with Plaintiff.

40. Through its knowing and willful misappropriation and unauthorized copying of Plaintiff's Copyrighted Works, Defendants have and are engaged in false advertising using Plaintiff's Copyrighted Works to solicit customers and are calculating to cause confusion or

7

mistake as to the true origin, source, sponsorship, or affiliation of WDA's infringing photos with Plaintiff.

41. Defendants' said acts constitute unfair competition in violation of 15 U.S.C. § 1125 and the laws of unfair competition.

**WHEREFORE**, Plaintiff prays that this Court award the following relief:

(a) A permanent injunction enjoining and restraining Defendants, its officers, directors, agents, servants, employees, representatives, successors, heirs, assigns and attorneys and all those persons in active concert or participation or privity with Defendants from distributing, copying, marketing, selling, or making derivatives or other reproductions of Plaintiff's Copyrighted Works, in whole or in part.

(b) An accounting and judgment against Defendant for:

(i) all damages sustained by Plaintiff on account of Defendants' acts of unfair competition; and

(ii) all profits attributable to Defendants' acts of unfair competition.

(c) Plaintiff's costs of this litigation, including reasonable attorneys' fees, interest, and expenses.

(d) Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff demand a trial by a jury on all issues in this case other than their request for injunctive relief.

Respectfully submitted,

BARLEY SNYDER

Date: 8-3-17

BY: _George C. Werner_ (signature)
George C. Werner
Salvatore Anastasi
Barley Snyder, LLP
2 Great Valley Parkway
Suite 110
Malvern, PA 19355
Tel.: 610-889-3699

George C. Zumbano
Stephen G. Rhoads
Gawthrop Greenwood, PC
17 East Gay Street
West Chester, PA 19380
Tel.: 610-696-8225

ATTORNEYS FOR PLAINTIFF

## VERIFICATION OF COMPLAINT

I, Kyle L. Davis, President & CEO, C. Raymond Davis & Sons, Inc., a citizen of the United States and resident of Chester County, Pennsylvania, hereby declare that I have read the foregoing Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Date: August **3**, 2017.

_____
Kyle L. Davis